IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROY CASTILLO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:13-CV-0050 |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner ROY CASTILLO has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the validity of his conviction for the felony offense of murder, and the resultant 30-year sentence, out of the 181st Judicial District Court of Potter County, Texas. For the reasons set forth below, the Magistrate Judge finds grounds 1.b. and 2 of petitioner's habeas application are barred from consideration as abusive, having been submitted in a previous 2254 habeas petition. Furthermore, petitioner's entire petition should be dismissed for lack of jurisdiction due to his failure to request permission from the Fifth Circuit to file a second or successive petition.

I.
PRIOR PROCEEDINGS

On December 17, 2003, petitioner filed a federal application for a writ of habeas corpus challenging his murder conviction and sentence. *Castillo v. Dretke*, No. 2:03-CV-0424. In that

habeas application, petitioner alleged:

1. ineffective assistance of trial counsel for failing to request a mistake-of-fact jury instruction;

2. insufficient evidence to support the conviction; and

3. denial of due process for prosecution under a theory which was not alleged in the indictment.

On November 6, 2006, this court denied petitioner's federal habeas application. Petitioner did not appeal to the Fifth Circuit Court of Appeals.

On March 21, 2013, petitioner filed the instant application for federal habeas relief in which he alleges:

1. ineffective assistance of trial counsel for failing to:

    a. object to the admission of the autopsy report;

    b. request a mistake-of-fact jury instruction; and

    c. object to the admission of petitioner's audiotaped statement.

2. insufficient evidence to support the conviction.

## II.
## ABUSE OF THE WRIT

Title 28 U.S.C. § 2244(b)(1) provides:

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application *shall* be dismissed."

(emphasis added). This statute forbids this Court from considering any claim presented in a second or successive petition for collateral relief that was previously presented in a prior petition. In this federal habeas application – petitioner's second – he raises two (2) grounds he previously raised in his first federal habeas application. Specifically, in ground 1.b., he alleges ineffective assistance of

trial counsel for failing to request a mistake of fact instruction, and in ground 2, he alleges insufficient evidence to support his conviction. Both of these claims were presented in his first petition.

Petitioner argues the instant petition is not a second petition but is only a continuation of the first (*pro se*) federal habeas petition. That argument is without merit. The first habeas petition (2:03-CV-0424) was denied in November 2006. No direct appeal was taken and judgment became final. That case has now been closed for over seven (7) years. No motion to reopen the prior case has been filed. The petition in this case was assigned a new cause number and is neither a continuation of, nor a part of, prior case number 2:03-CV-0424. Consequently, contrary to petitioner's arguments, this Court is prohibited from considering grounds 1.b. and 2 as petitioner has abused the writ, and this Court is required by statute to dismiss those claims. *Cf. Denton v. Norris*, 104 F.3d 166 (8th Cir. 1997) (claim barred by the express words of section 2244(b)(1), "which could hardly be plainer").

### III.
### PERMISSION TO FILE APPLICATION

The instant habeas application also asserts two grounds not raised by petitioner in his first habeas application, *i.e.*, grounds 1.a. and 1.c. alleging ineffective assistance of trial counsel for failing to object to the admission of the autopsy report and petitioner's audiotaped statement. Title 28 U.S.C. § 2244(b)(2) provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was <u>not</u> presented in a prior application <u>shall</u> be dismissed <u>unless</u> –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; <u>or</u>

    (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; <u>and</u>

    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(emphasis added).

Title 28 U.S.C. § 2244(b)(3)(A) also provides:

*Before* a second or successive application *permitted by this section* [2244(b)(2)(A), (B)] is filed in the district court, the applicant <u>shall</u> move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(emphasis added).  Before this Court may consider petitioner CASTILLO's second or successive habeas corpus application, even if it is allowed by the statute, he must first obtain permission from the appropriate court of appeals to file the application with the district court.  Such permission may be acquired only by filing with the appropriate appellate court a motion for authorization to file a successive habeas petition with the district court.  *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court).  The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a prima facie showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

The pending application for habeas relief is clearly a "second or successive habeas corpus application" within the meaning of section 2244(b) because it raises claims concerning the same conviction and sentence that was challenged in petitioner's prior habeas application.  Petitioner has not shown he obtained authorization from the Fifth Circuit Court of Appeals, the appropriate appellate court, to file this "second" federal habeas corpus application.  Because petitioner has failed to move the appropriate appellate court for permission to file a "second" federal habeas

petition as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no jurisdiction to consider his request for relief.  As this Court lacks jurisdiction to consider petitioner's application for a writ of habeas corpus, the application should be dismissed so that petitioner may obtain the requisite permission from the Fifth Circuit Court of Appeals to file this application.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner ROY CASTILLO be DISMISSED for lack of subject matter jurisdiction due to petitioner's failure to obtain permission from the Fifth Circuit to file a second or successive petition.  Alternatively, it is the undersigned's RECOMMENDATION that Grounds 1.b. and 2 be DISMISSED for abuse of the writ.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of November 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).