IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROY CASTILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-0050 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, IN PART, and TRANSFERRING PETITION FOR A WRIT OF HABEAS CORPUS

On March 21, 2013, petitioner, represented by counsel, filed a petition for a writ of habeas corpus, challenging his November 18, 2000 state conviction for murder and the resultant 30-year sentence. On November 21, 2013, the United States Magistrate Judge issued a Report and Recommendation recommending petitioner's habeas petition be dismissed for lack of subject matter jurisdiction due to petitioner's failure to obtain permission from the Fifth Circuit Court of Appeals to file a second or successive petition. Alternatively, the Magistrate Judge recommended Grounds 1.b. and 2 of petitioner's habeas application be dismissed for abuse of the writ.

On November 25, 2013, petitioner filed objections to the Report and Recommendation arguing this Court "should treat the instant 2254 habeas as a motion under Rule 60 and reject the [Report and Recommendation's] conclusion that the instant pleading is a 'second or successive' habeas corpus petition." Petitioner appears to argue the instant 2254 petition is, in actuality, a Rule 60 motion that should have been filed in petitioner's original cause number and maintains this Court "should find that the instant petition is not 'second or successive' but instead a continuation of the first pro-se habeas petition."

The undersigned United States District Judge has made an independent examination of the record in this case and has considered the objections made by petitioner to the Report and Recommendation as well as respondent's response to the objections. The pleading filed by petitioner, on a habeas corpus form application, contains one or more "claims" asserting a federal basis for relief from petitioner's state court conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531, 125 S.Ct. 2641, 2647, 162 L.Ed.2d 480 (2005). The pleading filed is not a proper Rule 60(b) motion but, instead, is a habeas corpus application subject to the AEDPA's restrictions on successive habeas petitions.[1] The instant petition is successive and petitioner has made no showing of having obtained permission from the appropriate court of appeals to filed the application with this court. Consequently, the objections filed by petitioner are without merit and are hereby OVERRULED. The Magistrate Judge's Report and Recommendation is hereby ADOPTED, IN PART. Instead of dismissing the petition for a writ of habeas corpus filed by petitioner, such petition is hereby TRANSFERRED to the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 1631 as an unauthorized successive writ. *Cf. In re Sepulvado*, 707 F.3d 550 (5th Cir. 2013).

IT IS SO ORDERED.

ENTERED this _____ day of _____ 2014.

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

---

[1] Even if petitioner's pleading were construed as a Rule 60(b) motion, petitioner would not be entitled to relief pursuant to *Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012).